# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| **KARLA KOONTZ,** ) | |
| ) | |
|    Plaintiff. ) | |
| ) | |
| v. ) | Case No: |
| ) | |
| **QC Financial Services, Inc.** ) | |
| **d/b/a LendNation** ) | |
|    Serve Registered Agent: ) | |
|    CSC-Lawyers Incorporating ) | |
|    Service Company ) | |
|    221 Bolivar Street ) | |
|    Jefferson City, Missouri 65101 ) | |
| ) | |
|    Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Karla Koontz, pursuant to the Family Medical Leave Act, 29 U.S.C. §§2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, as amended in 2008 ("ADA" / "ADAAA"), 42 U.S.C. §12101 *et seq*., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., brings the following Complaint against Defendant QC Financial Services, Inc. and alleges the following:

## PARTIES

1.    Plaintiff Karla Koontz (hereinafter referred to as "Plaintiff") is currently a resident of Buchanan County, Missouri and is over the age of forty (40). At all times relevant hereto, Plaintiff was employed at Defendant's short-term loan and check cashing businesses (commonly known as LendNation), primarily at Defendant's St. Joseph, Missouri location.

2. Defendant QC Financial Services, Inc. (hereinafter referred to as "Defendant") is a Kansas corporation, with its principal place of business located in Lenexa, Kansas.

**JURISDICTION AND VENUE**

3. Jurisdiction in this Court is proper against Defendant pursuant to 28 U.S.C. §§ 1331 and 1343 because the acts complained arise under the FMLA, the ADA/ADAAA, and the ADEA, thereby invoking federal question subject matter jurisdiction.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this District in St. Joseph, Missouri.

5. On July 26, 2019, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon disability and age. A true and accurate copy of the Charge of Discrimination against Defendant is attached hereto as **Exhibit "A"**.

6. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial compliant may be and is a broad scope of the EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

7. On or about October 17, 2019, the EEOC issued Plaintiff Koontz her Notice of Right to Sue pertaining to her complaint of discrimination on Charge Number 563-2019-02660.

8. A true and accurate copy of Plaintiff Koontz's Notice of Right to Sue Letter dated October 17, 2019 is attached hereto as **Exhibit "B"**.

9. Plaintiff Koontz has filed her lawsuit within 90 days of her receipt of her "dismissal and Notice of Rights" letter from the EEOC.

10. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## STATEMENT OF FACTS

11. Plaintiff hereby incorporated by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

12. Plaintiff began her employment with Defendant in October 2003 as a Customer Service Representative at Defendant's location in St. Joseph, Missouri.

13. Defendant promoted Plaintiff to Assistant Manager in 2005.

14. Defendant promoted Plaintiff to Branch Manager in 2006.

15. In 2015, Plaintiff worked at Defendant's locations in both Kansas City and St. Joseph to cover employee shortages, train new employees, and train new branch managers.

16. Plaintiff performed her job duties satisfactorily or better at all times relevant hereto during her employment with Defendant.

17. In 2019, at all times relevant hereto, Plaintiff's supervisor was Area Manager Kim Manning.

18. Ms. Manning was an employee or agent of Defendant.

19. Plaintiff has been diagnosed with Asthma and Chronic Obstructive Pulmonary Disease (COPD) and, at times, has trouble breathing. Stress exacerbates the symptoms of her disabilities and causes her pain.

20. In March 2019, flooding from the Missouri River impacted Plaintiff's home in Big Lake, Missouri.

21. On or about March 14, 2019, Plaintiff requested time off work from Ms. Manning to save items from her home. Ms. Manning denied Plaintiff's request.

22. On or about March 15, 2019, Plaintiff's home was destroyed by flooding.

23. On or about March 18, 2019, Plaintiff requested time off work from Ms. Manning because she was having health issues from the stress of her home flooding, including depression, dizziness, light-headedness, and flare-ups of her asthma and COPD symptoms. Plaintiff advised Ms. Manning of her health issues, and Ms. Manning denied Plaintiff's request.

24. At the time of her requests, Ms. Manning warned Plaintiff that if she took time off work she could be disciplined and lose her job.

25. During Plaintiff's lunch hour on or about March 22, 2019, Plaintiff sought medical assistance from her physician at Plattsburg Family Medicine. Her physician advised her not to return to work, and take time off work from March 22nd through March 29th due to her medical conditions.

26. On or about March 22, 2019, Plaintiff told Ms. Manning about her physician's directive. Ms. Manning told Plaintiff she would be written up if she took days off. Plaintiff's request for minimal leave from work was a request for reasonable accommodation, and it was also a request to enter into interactive discussions to request reasonable accommodations.

27. Plaintiff contacted Defendant's Human Resources Director Kieyata Walrod, and she complained to Ms. Walrod about Ms. Manning's threats against her employment.

28. Ms. Walrod was an employee or agent of Defendant.

29. Ms. Walrod was dismissive, and she accused Plaintiff of lying about Ms. Manning's threats against her employment.

30. On or about March 30, 2019, Ms. Manning wrote up Plaintiff for being 30 minutes late from her lunch break on March 22nd and for not having her physician's visit pre-approved by the Defendant.

4

Case 5:20-cv-06004-DGK   Document 1   Filed 01/14/20   Page 4 of 17

31. Ms. Manning's discipline of Plaintiff was in retaliation for her lawfully protected complaint to Ms. Walrod.

32. In April 2019, in further retaliation against Plaintiff, Defendant reduced Plaintiff's hours of work from approximately 60 hours per week to approximately 40 hours per week.

33. In May 2019, Plaintiff worked while suffering from sinusitis. Plaintiff's immediate supervisor at that time, Becky Sharp, instructed her to visit urgent care and then submit the hours she was away from work as vacation time, so that she could get paid for the time she spent at urgent care. Ms. Sharp was an employee or agent of Defendant. When Plaintiff submitted the vacation hours to Ms. Manning for her visit to urgent care, she was denied.

34. Reducing Plaintiff's hours and denying her request to use vacation hours after seeking medical treatment for sinusitis at urgent care were both unlawful retaliatory actions.

35. On or about July 11, 2019, Defendant accused Plaintiff of bringing illegal drugs to work and fired Plaintiff for pretextual reasons.

36. After her termination, Defendant continued its pattern of discrimination and/or retaliation against Plaintiff by opposing her request for unemployment benefits.

37. Plaintiff was the victim or discriminatory and retaliatory conduct on the part of Defendant that was a continuing pattern of discrimination and/or retaliation.

38. At all times relevant hereto, Defendant was aware of Plaintiff's medical condition.

39. Plaintiff's asthma and COPD, and their symptoms, were chronic medical conditions that required treatment by a health care provider.

40. Stress often triggers the flare-up of painful symptoms in persons with asthma and COPD.

41. Pain has been shown to interfere with self-management activities, sleep, physical functioning, work, mood, and quality of life.

42. Defendant failed to advise Plaintiff that she could have been entitled to FMLA leave.

43. Defendant failed to advise Plaintiff that she could have been entitled to leave under the ADA as a reasonable accommodation.

44. Defendant failed to advise Plaintiff that leave of any type, including FLMA leave, was an option for Plaintiff.

45. Defendant interfered with Plaintiff's rights under the FMLA by failing to give her notice of her right to FMLA leave.

46. Plaintiff suffers from physical and mental impairments, asthma and COPD and accompanying flare-ups of symptoms from those conditions, which substantially limits one or more of her major life activities, including, but not limited to: accomplishment of her daily routines of life and/or working.

## COUNT I
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

47. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

48. The Family Medical Leave Act ("FMLA") makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right pursuant to the FMLA.

49. Defendant is an "employer" as defined at 29 U.S.C. Section 2611(4)(A)(i).

50. Plaintiff is a "person" as defined at 29 U.S.C. Section 2611(8).

51. Plaintiff was an "eligible employee" as that phrase is defined by 29 U.S.C. Section 2611(2)(A)(i) and (ii).

52. Plaintiff was entitled to benefits and leave under the FMLA.

53. Defendant was at all time material hereto engaged in "commerce" or was engaged in an "industry or activity affecting commerce," as that word and phrase are defined in 29 U.S.C. Section 2611(1) and at 29 U.S.C. Sections 142(1) and (3), as made applicable by 29 U.S.C. Section 2611(1).

54. Defendant interfered with, restrained, and/or denied Plaintiff's exercise, or attempted exercise, of her rights under 29 U.S.C. Section 2601, et seq. in violation of 29 U.S.C. Section 2615(a).

55. Defendant interfered with Plaintiff's rights under the FMLA by failing to give her notice of her right to FMLA leave.

56. Defendant was on notice that Plaintiff has a serious medical condition.

57. Plaintiff was entitled to FMLA protected leave with respect to any serious health conditions of her own, or serious health conditions of others, in 2019.

58. Pursuant to 29 CFR 825.123, Plaintiff was entitled to receive notice of her FMLA rights and protection by the FMLA.

59. Plaintiff's asthma and COPD and accompanying pain and other symptoms were serious medical conditions that entitled Plaintiff to FMLA leave.

60. Defendant failed to give Plaintiff notice of her FMLA rights.

61. Defendant failed to give Plaintiff notice of her right to intermittent FMLA leave.

62. Defendant interfered with Plaintiff's right to FMLA leave.

63. Defendant did not provide Plaintiff job-protected leave.

64. Defendant retaliated against Plaintiff for her exercise and attempted exercise of rights protected by the FMLA by never disclosing the use of FMLA as an option.

7

65. Defendant ultimately terminated Plaintiff's employment in retaliation for attempting to take FMLA leave.

66. Defendant violated Plaintiff's rights under the FMLA and willfully manipulated, interfered with, restrained and denied Plaintiff the exercise of rights provided by the FMLA and its implementing regulations.

67. As a result of Defendant's conduct, Plaintiff has suffered emotional distress, humiliation and embarrassment.

68. As a direct and proximate result of defendant's actions in violation of the FMLA, Plaintiff sustained damages in the form of salary and benefits.

69. Plaintiff is entitled to all damages authorized by 29 U.S.C. Section 2617, including lost wages and benefits, interest, liquidated damages, attorneys' fees, and equitable relief.

WHEREFORE, Plaintiff respectfully prays for judgement in her favor and against Defendant in the form of an order of this Court: (1) awarding her back pay in an amount yet to be determined; (2) awarding her front pay in an amount yet to be determined; (3) awarding her lost benefits in an amount yet to be determined; (4) awarding her liquidated damages in an amount yet to be determined; (5) awarding her costs and expenses, including, but not limited to, attorneys' fees and expert witness's fees, incurred in prosecuting her claims of discrimination; and (6) awarding such other and further relief as this Court deems just and proper.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAAA

70. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

71. Plaintiff has disabilities, or is regarded as such, as defined by the Americans with Disabilities Act, to-wit:

    a. Plaintiff suffers from physical and mental impairments, asthma and COPD and accompanying pain and other symptoms from asthma and COPD, which substantially limit one or more of her major life activities, including, but not limited to: accomplishment of her daily routines of life and/or working;

    b. a record of such physical impairments; or,

    c. Defendant regarded Plaintiff as having such impairments.

72. Plaintiff is a qualified individual with disabilities, or is regarded as such, as defined by the Americans with Disabilities Act. Plaintiff, with or without reasonable accommodation, was able to perform the essential functions of her employment with Defendant.

73. Following Plaintiff's medical appointments in March 2019 and May 2019, and knowing of her medical condition, Defendant did not discuss with Plaintiff whether she needed a reasonable accommodation.

74. Defendant engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

75. As a direct and proximate result of Defendant's violation of the ADA, as aforestated, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so in the future.

76. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: (1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., (2) award Plaintiff all lost wages, past and future, to which she is entitled, (3) award Plaintiff all compensatory, punitive, and exemplary damages, (4) award Plaintiff all expenses and attorneys' fees, with interest at the highest lawful rate, and (5) award any other relief as this Court deems just and proper.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADAAA

77. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

78. Defendant subjected Plaintiff to disparate treatment, harassment, and/or termination, as set forth herein, in whole or in part because of her disabilities, or regarded her as such, said acts being made unlawful by the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA" / "ADAAA").

79. Defendant violated the aforementioned ADA, inter alia, by subjecting Plaintiff to disparate treatment and harassment based on her disabilities and/or requests for accommodation and terminating Plaintiff's employment.

80. Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

81. As a direct and proximate result of Defendant's violation of the ADA, as aforestated, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so in the future.

82. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: (1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., (2) award Plaintiff all lost wages, past and future, to which she is entitled, (3) award Plaintiff all compensatory, punitive, and exemplary damages, (4) award Plaintiff all expenses and attorneys' fees, with interest at the highest lawful rate, and (5) award any other relief as this Court deems just and proper.

## COUNT IV
## RETALIATION, INTERFERENCE, AND/OR INTIMIDATION
## IN VIOLATION OF THE ADA

83. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

84. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA, and Plaintiff opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability and/or subjecting Plaintiff to disparate treatment, harassment, and/or discrimination on the basis of her disabilities, as set forth herein.

85. Defendant retaliated and discriminated against Plaintiff, ultimately terminating Plaintiff's employment, for engaging in said protected activity, as set forth herein.

86. During the time Plaintiff was employed by Defendant, she exercised and/or enjoyed the right granted and/or protected by the ADA including, but not limited to, requesting reasonable accommodation for her disability, as set forth herein.

87. Defendant intimidated and/or threatened Plaintiff on account of her having exercised and/or enjoyed rights granted and/or protected by the ADA, as set forth herein.

88. Defendant interfered with Plaintiff on account of her having exercised and/or enjoyed rights granted and/or protected by the ADA, as set forth herein.

89. As a direct and proximate result of Defendant's violation of the ADA, as aforestated, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so in the future.

90. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: (1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., (2) award Plaintiff all lost wages, past and future, to which she is entitled, (3) award Plaintiff all compensatory, punitive, and exemplary damages, (4) award Plaintiff all expenses and attorneys' fees, with interest at the highest lawful rate, and (5) award any other relief as this Court deems just and proper.

## COUNT V
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

91. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

92. Plaintiff was at all times material hereto an employee of Defendant within the meaning of the ADEA. Plaintiff is over the age of 40 and, as such, is a member of a class of persons protected by the ADEA by virtue of age.

93. Plaintiff's age was a determining factor in Defendant's decision to terminate her employment, in violation of the ADEA.

94. Terminating Plaintiff in part due to her age constitutes a violation of 29 U.S.C. Section 623(a). Said violation was willful, which entitles Plaintiff to liquidated damages.

95. As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered loss of past and future wages, a detrimental job record, career damage and diminished career potential, garden variety emotional distress, and other nonpecuniary losses, all of a continuing and permanent nature.

96. The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference of Plaintiff's rights, entitling Plaintiff to any award of punitive damages.

97. Plaintiff is also entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and all other relief the Court deems fair and equitable.

**PRAYER**

As a result of this retaliatory termination, Plaintiff Karla Koontz has been damaged, sustaining economic loss as well as humiliation, embarrassment, and emotional distress, and as a proximate result of Defendant's termination, her reputation as a faithful, hardworking, loyal, and diligent employee has been irreparably damaged.

The retaliatory conduct of Defendant LendNation's wrongful termination of Plaintiff constitutes a willful, wanton, and malicious act.

WHEREFORE, Plaintiff prays for judgment against the Defendant in excess of $75,000 for:

    a. Back pay and value of benefits from date of termination;

    b. Future loss of pay and benefits from date of termination;

    c. Compensating damages for the loss of Plaintiff's reputation;

    d. Damages for mental anguish, humiliation and embarrassment;

    e. Any other damages allowed by law;

    f. Punitive damage;

    g. Attorneys' fees, costs for this action, and for such other and further relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

    Respectfully Submitted,

    /s Daniel J. Voss
    Daniel J. Voss, Attorney at Law
    MO Bar #49246
    4723 Terrace Street
    Kansas City, Missouri 64112
    TEL: (816) 522-3536
    dan@danvosslaw.com
    **ATTORNEYS FOR PLAINTIFF**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 563-2019-02660 |

_Missouri Commission on Human Rights_ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Karla Koontz | [redacted] |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| [redacted] | [redacted] | [redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| QC Financial Services, Inc. d/b/a LendNation | >100 | (816) 232-2221 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1409 Frederick Avenue | St. Joseph, Missouri 64501 | Buchanan |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ AGE
☒ RETALIATION  ☐ NATIONALITY  ☒ DISABILITY  ☐ PREGNANCY

DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA)  LATEST (ALL)
March 14, 2019   July 11, 2019

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

(See Attached)

RECEIVED JUL 26 2019

XX I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

_Karla Koontz_
Date 7-24-19  Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EXHIBIT A

I am a 53-year-old female citizen of the State of Missouri. I have been diagnosed with asthma and COPD and, at times, have trouble breathing. Stress exacerbates the symptoms of my disabilities. I was hired in October 2003 as a Customer Services Representative (CSR) for the QuikCash location in St. Joseph, Missouri. I was promoted to Assistant Manager in 2005 and promoted to Branch Manager in 2006. In 2015, the QuikCash branch I worked at closed so, after the closing, I floated between branches in Kansas City and St. Joseph to cover employee shortages, train new CSRs, and train new branch managers. In 2017, QuikCash became LendNation. In 2019, my supervisor was Area Manager Kim Manning, and I worked as Assistant Manager at the LendNation locations in both St. Joseph and Kansas City.

In March 2019, flooding threatened my home in Big Lake, Missouri. I requested off work on March 14th because of the flooding threat. Manning denied my request, so I had no choice but to work. I also worked on March 15th, and my home was destroyed by flooding that day. On March 18th, I requested to take off work March 25th through March 29th because of the overwhelming stress of my home being destroyed. Manning denied that request, so I had to work.

During my lunch hour on March 22nd, I went to the doctor because I had stress-related depression, dizziness, light-headedness, and flare-ups of my asthma and COPD symptoms. My doctor advised me during that visit not to return to work. When I told Manning about my doctor's directive, Manning told me I'd be written up if I took days off. I immediately called Kieyata Walrod (Human Resources) to complain, and I told her my doctor wanted me to take FMLA leave but Manning threatened to write me up if I took off work. Walrod told me Manning would never threaten to write me up like that, and accused me of lying. On March 25th, Manning wrote me up for returning from lunch 30 minutes late because of my doctor's appointment on March 22nd and also for not having that doctor's visit pre-approved by her. This was in retaliation for my complaint to Walrod.

In April 2019, I began exclusively working at the LendNation location in St. Joseph, Missouri. My hours were reduced from over 60 hours per week to 40. On May 31, 2019, I had sinusitis and was very sick at work. My immediate supervisor, Branch Manager Becky Sharp, told me to visit urgent care for treatment, and that she would approve vacation pay for the hours I missed at the doctor's visit. I went to the doctor. Then I requested the vacation pay for those hours that Sharp told me would be approved, but Manning denied my request. Reducing my hours and denying my request to use vacation hours so I would be paid for the hours I went to urgent care were retaliatory actions.

On July 11th, after almost 16 years working at LendNation, Sharp and Manning accused me of bringing illegal drugs to work in a cell phone case and fired me. I did no such thing. I was fired because of my disability, age, and in retaliation for requesting FMLA leave and making a lawfully protected complaint of discrimination.

*Karla Koonz*
7-26-19



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Karla Koontz | From: | Kansas City Area Office |
| --- | --- | --- | --- |
| | Saint Joseph, MO 64506 | | Gateway Tower II |
| | | | 400 State Avenue, Suite 905 |
| | | | Kansas City, KS 66101 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 563-2019-02660 | Geoffrey T. Gould, Investigator | (913) 551-6647 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Natascha Deguire,
Area Office Director

OCT 17 2019
(Date Mailed)

Enclosures(s)

cc:
Charlie Harris
Attorney
SEYFERTH BLUMENTHAL & HARRIS LLC
4801 Main St. #310
Kansas City, MO 64112

Daniel J. Voss
DANIEL J. VOSS ATTORNEY AT LAW
4723 Terrace St.
Kansas City, MO 64112

**EXHIBIT B**